IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Alphonso Stevens, | C/A No. 1:09-233-MBS-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Willie Toole; Debbie Fine, | |
| Defendants. | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, proceeding *pro se*, brings this civil action alleging that his landlord evicted him while he was detained at the Aiken County Detention Center and sold his personal belongings because he was behind on his rent. Plaintiff contends he was not served with eviction papers. He names as defendants the manager of the property management company who collected his rent and also the owner of the home. He asks for the recovery of his property "if possible." He also seeks damages. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable



in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

For this court to hear or decide a case, it must have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. See Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, see Turner v. Bank of N. Am., 4 U.S. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, see McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) the presence of a "federal question" pursuant to 28 U.S.C. § 1331, and (2) the existence of "diversity of citizenship" between the parties pursuant to 28 U.S.C. § 1332.



The allegations contained in the Complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either of these forms of this court's limited jurisdiction. First, the Complaint reveals no basis for a finding of diversity jurisdiction over this matter. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Any state law causes of action would be cognizable in this court only if this statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993) (Table).

Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). This court has no diversity jurisdiction because all parties in the above-captioned case appear to be residents of the State of South Carolina. Hence, complete diversity of parties is absent and diversity jurisdiction is lacking.[1]

Second, the essential allegations of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. The Complaint involves issues pertaining to Plaintiff's

---

[1] The plaintiff is in the wrong forum; in the absence of diversity of citizenship, he must assert any state law claims against the defendants in state—not federal—court.



personal property. Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction is present. Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by the defendants, nor is any type of federal question jurisdiction evident from the face of the Complaint.

Even if this court were to attempt to construe this Complaint as one filed pursuant to 42 U.S.C. § 1983, deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986). Negligence in general is not actionable under 42 U.S.C. § 1983. See Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir.1987); Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Soc. Servs., 489 U.S. 189, 200-03 (1989).

Additionally, to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendants deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no indication that the defendants in this case have acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. See Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities generally do not act under color of state law. Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-69 (4th Cir. 1981), aff'd in part and rev'd in part on other grounds, 457 U.S. 922 (1982). In any event, the *pro se* plaintiff has not made



any allegations which would connect the actions of the defendants to the actions of a person or persons acting under color of state law. Generalized allegations of conspiracy would not be sufficient, even if present. See Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975) (Table); Joyner v. Abbott Labs., 674 F. Supp. 185, 191 (E.D.N.C. 1987).

### RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed, without prejudice and without issuance and service of process, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Denton, 504 U.S. 25; Neitzke, 490 U.S. at 324-25 ; Haines, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993); Nasim, 64 F.3d 951; Todd, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 24, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).